SUN LIFE INSURANCE CO. v. UNITED STATES FIDELITY AND GUARANTY CO.

(Filed March 25, 1902.)

1. FIDELITY AND GUARANTY INSURANCE—*Contracts—Bonds.*

Where a new contract made by an employer with an employee increases the responsibilities of the employee, such new contract discharges a fidelity and guaranty company from liability on its bond.

2. FIDELITY AND GUARANTY INSURANCE—*Evidence—Instructions—Waiver.*

It is error to instruct that a party waives any difference of its liability under two contracts when there is no evidence that the party knew of the existence of the contracts.

DOUGLAS, J., dissenting.

ACTION by the Sun Life Assurance Company against the United States Fidelity and Guaranty Company, heard by

Judge *W. S. O'B. Robinson* and a jury, at October Term, 1900, of the Superior Court of WAKE County. From a judgment for the plaintiff, the defendant appealed.

*Watson & Gatling,* for the plaintiff.
*A. J. Field* and *Armistead Jones,* for the defendant.

MONTGOMERY, J.   The defendant, in January, 1899, by a written agreement, bound itself to make good and reimburse to the plaintiff to the extent of $300, all and any pecuniary loss that might be sustained by the plaintiff of moneys or other personal property belonging to the plaintiff in the possession of J. R. Caudle, directly occasioned by larceny or embezzlement on the part of Caudle, in connection with the duties of the position which he held under the plaintiff.

Caudle had been in December, 1898, appointed by the plaintiff an "Assistant Superintendent of its Thrift Department, in connection with its Wilmington agency." His duties in that capacity were to procure agents to work under him; to instruct the agents in the details of the thrift business, and to work with them in securing applications for assurance in the plaintiff company. He was also to inspect, canvass and collect, as directed by the company. A statement in writing before the execution of the indemnity bond by the defendant had been made by the plaintiff to the defendant, in which was set forth the duties of Caudle, and that statement was the basis on which the bond was executed. On the following April the plaintiff made another contract with Caudle, and afterwards Caudle became short in his accounts with the plaintiff.

This action was brought to recover of the defendant the amount of the deficiency. The defendant in its answer denies its liability, and especially does so on the ground that the contract made by the plaintiff with Caudle in April was, in its express terms, different from the contract of December, upon

the basis of which the indemnity bond was executed, and was in express terms a cancellation and revocation of the December contract. His Honor instructed the jury that they need pay no attention to the alleged discrepancy between the two contracts between the plaintiff and Caudle, nor to the alleged increased responsibilities and duties of Caudle under the April contract, and that as a matter of law the contract of April did not affect the defendant's liability.

The correctness of that charge depends upon whether there was a substantial increase of Caudle's responsibilities and duties under the April contract, or whether the contract of April expressly revoked and cancelled the contract of December. Upon an examination of the April contract it is seen that the name of the position which Caudle held under the December contract was changed. Under the former he was called "Assistant Superintendent of its Thrift Department, in connection with its Wilmington agency," while under the latter he was designated "District Manager," "Agent," and his field of operations embraced six counties, including New Hanover.

In the April contract there is a provision in these words: "This appointment will take effect on May 1, 1899, and will on that day supersede and annul all agreements previously made between the company and the said agent, and a further provision that the agent, Caudle, should "keep deposited with the company a bond in its favor executed by himself and two sureties satisfactory to the company for such sum as it may consider necessary for the faithful performance of this agreement and all duties pertaining to said agency." The contract of December did not require a bond from Caudle with two sureties, and the one executed under it had only one, the defendant.

We think that the contract of April increased the business and the territory in which Caudle operated, and his responsi-

bilities and duties as well, and that its legal effect was to absolve the defendant from liability on its bond. Besides, the contract of April expressly superseded and annulled all agreements previously made between the plaintiff and Caudle.

And there is another error which will entitle the defendant to a new trial. His Honor instructed the jury that, "The correspondence between the plaintiff and defendant shows that defendant waived all matters except the question of embezzlement," that is, that the defendant waived any difference between its liability under the two contracts. There was no evidence tending to show that the defendant ever had notice of the execution of the April contract until the complaint was filed, six months afterwards. On the trial it is true that Johnson, the plaintiff's agent, said he gave notice in Raleigh to Moye, the defendant's agent, of the execution of the April contract, but Moye denied it emphatically. His Honor told the jury that they need not consider that matter at all, that the April contract did not affect the defendant's liability one way or the other. So, there being no evidence that the defendant had notice of the April contract, the correspondence between the plaintiff and the defendant must have been in reference to the December contract, for upon that the indemnity bond was executed.

New trial.

DOUGLAS, J., dissenting. I have not had the opportunity since receiving the opinion of the Court to examine the record in this case. Hence, I am not prepared to say that there was such a change in the duties and responsibilities of the agent as to invalidate the bond.

This Court has said, in *Bank v. Fidelity Co.,* 128 N. C., 366, 371: "The object of an indemnifying bond is to indemnify; and if it fails to do this, either directly or indirectly, it fails to accomplish its primary purpose and becomes

worse than useless.    It is worthless as an actual security, and misleading as a pretended one."

I am, therefore, unwilling to permit a guaranty company to avoid the responsibility for which it has received a substantial consideration upon an immaterial variation.    The mere change of title of an agent does not of itself change the nature of his duties; and a new contract affecting the nature of his compensation does not necessarily affect his responsibility. It is the faithful performance of his duties as agent that is intended to be secured by the bond, and not the guaranty of any particular contract.

There is another ground upon which I must dissent.    The Court says:    "There was no evidence tending to show that the defendant ever had notice of the execution of the April contract until the complaint was filed, six months afterwards. On the trial it is true that Johnson, the plaintiff's agent, said he gave notice in Raleigh to Moye, the defendant's agent, of the execution of the April contract, but Moye denied it emphatically."    Taken in its literal sense, this means either that Moye should be believed in preference to Johnson, which was a matter exclusively for the jury, or that notice to the agent was not notice to the company, which would be erroneous as a proposition of law.

If the Court intends to say that this evidence was impliedly taken from the jury by the instruction of his Honor that they should not consider the April contract, that might raise a different question, which is, perhaps, identical with the one discussed in the first part of the opinion.